UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:07-cv-00321-KJD-PAL |
| vs. | ) **REPORT OF FINDINGS AND RECOMMENDATION** |
| JAMES A. DILULLO, | ) |
| Defendants. | ) |

This matter is before the court on defendant's failure to comply with this court's Order (#31) requiring defendant James A. Dilullo ("Dilullo") to file a Certificate as to Interested Parties as required by LR 7.1-1 no later than 4:00 p.m., September 5, 2007.

Having reviewed and considered the matter, the court makes the following findings:

1. Dilullo, proceeding in this action *pro se*, filed an answer (#17) to the complaint (#1) on May 10, 2007.
2. Dilullo did not file a Certificate as to Interested Parties as required by LR 7.1-1.
3. The court entered an order (#24) on June 28, 2007, requiring Dilullo to file his Certificate as to Interested Parties in compliance with LR 7.1-1 no later than 4:00 p.m., July 13, 2007.  The order (#24) warned Dilullo that failure to comply could result in the issuance of an order to show cause why sanctions should not be imposed.
4. Dilullo did not comply with the court's Order (#24).

///
///
///

5. On August 3, 2007, the court issued an Order to Show Cause (#25) requiring Dilullo to show cause, in writing, no later than August 15, 2007, why sanctions should not be imposed for his failure to file the Certificate as to Interested Parties and comply with the court's Order (#24).

6. Dilullo failed to comply with the court's Order to Show Cause (#25).

7. On August 27, 2007, the court entered an Order (#31) affording Dilullo one final opportunity to comply with LR 7.1-1 and the court's prior orders. The Order (#31) required Dilullo to file a Certificate as to Interested Parties as required by LR 7.1-1 no later than 4:00 p.m., September 5, 2007.

8. To date, Dilullo has still not filed his Certificate as to Interested Parties nor complied with the court's orders.

9. A Certificate as to Interested Parties, required by LR 7.1-1, is necessary to enable the judges who have been assigned to this case to evaluate possible recusal.

10. The court may dismiss an action for failure to prosecute, contempt of court, or abusive litigation practices. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987). Dismissal is proper where the party's conduct is due to willfulness, bad faith, or fault, and there is a nexus between the misconduct and the matters in controversy such that the rightful decision of the case is threatened. Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995). The court must weigh the following factors before imposing dismissal: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic measures. Id. Dismissal ensures the integrity of the court's orders and the orderly administration of justice. Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

11. Dilullo was served with a copy of each of the court's three orders (#24, #25, and #31) requiring Dilullo to file a Certificate as to Interested Parties and was given sufficient time to comply with the court's orders.

12. Dilullo's willful failure to file the Certificate as to Interested Parties and comply with the court's orders is an abusive litigation practice that has prevented the court from evaluating possible recusal, interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Dilullo has wilfully refused to comply with multiple court orders and the Local Rules of Practice, and the court cannot hear this case absent a Certificate as to Interested Parties.

For all of the foregoing reasons,

**IT IS THEREFORE RECOMMENDED** that a default judgment be entered in favor of plaintiff unless Dilullo files a Certificate as to Interested Parties complying with LR 7.1-1 within **15 days** of the date of this order.

Dated this 1st day of October, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE